UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HYBRID PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2:05-CV-436 |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | Judge T. John Ward |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIRD-PARTY DEFENDANT ARRIS INTERNATIONAL, INC.'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE TO TRANSFER OR STAY,
HYBRID'S CLAIM AGAINST THIRD-PARTY DEFENDANT ARRIS**

Third-Party Defendant Arris International, Inc. ("Arris") hereby moves pursuant to Fed.

R. Civ. P. 12(b) and 13(a) for an order dismissing Hybrid Patents, Inc.'s ("Hybrid") recently

asserted Claim Against Third-Party Defendant Arris [Docket No. 38], in which Hybrid brought

patent infringement claims against Arris.   In the alternative, Arris moves for an order: (a)

transferring Hybrid's patent infringement claims against Arris to the United States Bankruptcy

Court for the Northern District of California (the "California Bankruptcy Court"); or (b) staying

Hybrid's patent infringement claims against Arris until such time as the California Bankruptcy

Court determines whether Arris has ownership rights to the Patents.[1]

## I.      SUMMARY

A claim of patent infringement is a compulsory counterclaim to an assertion of

noninfringement. *Vivid Techs., Inc. v. American Science & Eng'g, Inc.*, 200 F.3d 795, 801 (Fed.

---

[1]      The "Patents" referred to herein are those patents to which Arris contends in the
California Action that Arris has a license and various ownership rights, and the patents that
Hybrid contends in this action that Arris infringes, specifically, U.S. Patent Nos. Re 35,774 (a
reissue of No. 5,347,304), 5,586,121, 5,818,845, 5,828,655 and 6,104,727.

Cir. 1999).  Hybrid explicitly concedes that truth in its Claim Against Third-Party Defendant Arris, at p. 7. [Docket No. 38].  Arris asserted its right to manufacture and sell products that practice the methods claimed in the Patents—and therefore asserted its noninfringement of the Patents—in an adversary proceeding in the California Bankruptcy Court styled *Arris Int'l, Inc. v. Hybrid Patents, Inc., et al.*, Adv. No. 06-5098-MM (the "California Action") on March 31, 2006. Hybrid's infringement claim against Arris, which Hybrid asserted for the first time on July 14, 2006 in this Court, is a compulsory counterclaim to the California Action and must be asserted there, not here.  Accordingly, this Court should dismiss Hybrid's claims of infringement against Arris.  In the alternative, this Court should transfer or stay Hybrid's claims of infringement against Arris in deference to the California Bankruptcy Court.

## II.     FACTUAL BACKGROUND

On January 11, 1999, Hybrid's predecessor in interest, Hybrid Networks, Inc. ("HNI"), granted a perpetual, nonexclusive license to sell and manufacture products using the inventions claimed in the Patents to Com21 (the "License Agreement," attached and filed under seal as Ex. A to Arris' Answer, Counterclaim, and Third-Party Claim [Docket No. 29]). The License Agreement contained several other key provisions.  It required that, before HNI was sold to a third-party, HNI was obligated to provide notice to Com21 of the sale and that, after receiving notice, Com21 was entitled to purchase the Patents at the same price as was offered by the third-party (the "Right of First Refusal Clause").  *Id.*

Within several years, both Com21 and HNI ultimately failed as businesses, and they were succeeded in interest by, respectively, Arris and Hybrid.  HNI never gave Com21 or Arris the notice required under the License Agreement.

On July 15, 2003, Com21 filed a voluntary petition for bankruptcy in the California Bankruptcy Court. (Ex. 1).[2]

On August 12, 2003, the California Bankruptcy Court entered an order which approved an agreement between Arris and Com21 in which Arris purchased substantially all of the assets of Com21's cable modem termination business (the "CMTS Business"). (Ex. 2) (Order to Sell Free and Clear). Arris has alleged in the California Action that the purchase agreement underlying the Court's Order to Sell Free and Clear explicitly provided that Arris' purchase included "all patents … [and] all other proprietary rights which are related to the Business." (Ex. 3, ¶ 11). Although all Com21's rights under the License Agreement were therefore conveyed to Arris by operation of law, Com21 did not explicitly disclose the existence of the License Agreement to Arris.

On September 13, 2005, Hybrid brought this action for patent infringement against Charter. [Docket No. 1]. Subsequently, Arris learned of the License Agreement.

On March 31, 2006, Arris filed the California Action as an adversary proceeding in the California Bankruptcy Court. (Ex. 3). The California Action seeks, among other things, a declaratory judgment that Arris has a perpetual, nonexclusive license to manufacture and sell products that use the methods claimed in the Patents, and/or has ownership rights in the Patents as a result of the License Agreement between Hybrid's predecessor in interest and Arris'

---

[2]     Pursuant to F.R.E. 201, various documents from the California Action are attached to this motion. Arris may attach those documents without converting its motion to dismiss into one for summary judgment. *See R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 (5th Cir. 2005) ("[A] court may…take judicial notice of documents in the public record… and may consider such documents in determining a motion to dismiss"); *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400 (5th Cir. 2004) ("We may take judicial notice of another court's judicial action"); *Peters v. Transocean Offshore, Inc.*, 2000 U.S. Dist. LEXIS 9355 (E.D. La. 2000) ("[T]he Court may consider matters of which judicial notice may be taken without converting a motion to dismiss into a motion for summary judgment.")

predecessor in interest, Com21.  (*E.g.*, Ex. 3, ¶ 20).  Arris also seeks a declaration that Arris is entitled to own the Patents outright as a result of Com21's Right of First Refusal, as set forth in the License Agreement.  (Ex. 3, ¶ 20).  Arris amended its complaint in the California Action on July 21, 2006 to add a new claim against Com21's bankruptcy trustee for negligent misrepresentation.  (Ex. 4, ¶¶ 55-62).

On May 4, 2006, Charter joined Arris to this action as a third-party defendant.  [Docket No. 22].

On May 17, 2006, Hybrid filed two motions, one to dismiss, the other to stay or transfer the California Action to this Court.  (Exs. 5, 6).  A hearing on Hybrid's motions to dismiss or transfer the California Action is scheduled in the California Bankruptcy Court for September 8, 2006.  To date, Hybrid has not answered or counterclaimed against Arris in the California Action.

On July 14, 2006, Hybrid brought in this Court its Claim Against Third-Party Defendant Arris, alleging for the first time in any Court that Arris was infringing the Patents.  [Docket No. 38, ¶¶ 8-12].

### III.    DISCUSSION

It is well established that an action may not be maintained where the claims asserted should have been brought as compulsory counterclaims in a prior action.  *See, e.g.,  Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974).  This is true even if the prior action is still pending.  *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (courts should decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district).

Whether a claim is a "compulsory counterclaim" is a question of law and, therefore, susceptible to resolution on a motion to dismiss.  *Lawhorn v. Atlantic Refining Co.*, 299 F.2d 353, 355 (5th Cir. 1962) (granting motion to dismiss based on untimely filing of compulsory counterclaim); *see also Podhorn v. Paragon Group*, 795 F.2d 658, 660 (8th Cir. 1986) (same). A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject of the opposing party's claim and does not require for its adjudication the presence of third parties to whom the court cannot acquire jurisdiction," and must be brought in response to the initial claim.  Fed. R. Civ. P. 13(a).

Hybrid is required to bring its claims of patent infringement against Arris in the California Action—and only the California Action—because: (1) Arris' claim of ownership rights over the Patents was first made in the California Action, making the California Action the "first-filed" action; (2) Hybrid's assertion that Arris infringes the Patents "arises out of the transaction that is the subject of [Arris'] claim" in the California Action; and (3) the *only* court that has jurisdiction over the necessary and indispensable party of Com21 is the California Bankruptcy Court where the California Action is pending.

A.      **The California Action Was the "First-Filed" Action**

As noted above, the California Action was filed on March 31, 2006.  Hybrid first asserted its patent infringement claim against Arris approximately 3 ½ months later on July 14, 2006 in this Court.  Moreover, the California Action is the *only* action that has joined and named all of the putative owners of the Patents as parties.  As discussed below, Hybrid has not (and cannot) add Com21 as a party to this action in this Court.  Therefore, as between Arris and Hybrid, the California Action was and remains the "first-filed" action.

Even if Hybrid were to contend that its July 14, 2006 patent infringement claims against Arris relate back to the commencement of its infringement action against Charter on September 13, 2005, the bankruptcy proceeding to which the California Action is attached commenced on July 15, 2003—predating Hybrid's action against Charter by more than two years.  Furthermore, even if Hybrid's claims against Arris relate back to 2005, Hybrid cannot cure the fact that Com21 is not subject to suit in this Court under any circumstance.  Therefore, whether Hybrid's operative infringement claims are those filed on July 14, 2006 or on September 13, 2005 is immaterial.  The California Action is the only action in which the dispute between Hybrid and Arris can be adjudicated.

"When a compulsory counterclaim is brought as an independent action while the first action is still pending, the proper response is to dismiss, enjoin, or stay the second action." *Directory Int'l, Inc. v. Bates Mfg. Co.*, 91 B.R. 738, 741 (N.D. Tex. 1988) (dismissing action that should have been brought as compulsory counterclaim in earlier-filed action).  Because Hybrid's patent infringement claim against Arris "in the present suit is a compulsory counterclaim to the earlier-filed [California] action," "Rule 13(a) compels the resolution of the claims in the [California Bankruptcy Court].  *Directory Int'l*, 91 B.R. at 741.

**B.** **Hybrid's Patent Infringement Claim Against Arris' "Arises Out of the Transaction or Occurrence That is the Subject" of the California Action**

"[T]he test for whether a counterclaim is compulsory is set forth in *Plant v. Blazer Finan. Servs.*, 598 F.2d 1357, 1360 (5th Cir. 1979)."  *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992) (finding counterclaim was compulsory).  Specifically:

1.  Whether the issues of fact and law raised by the claim and counterclaim largely are the same; or

2. Whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; or

3. Whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; or

4. Whether there is any logical relationship between the claim and the counterclaim.

*Plant*, 598 F.2d at 1360-61.

"An affirmative answer to *any* of the four questions indicates the counterclaim is compulsory." *Id.* (emphasis added); *Leatherwood v. Defense Procurement Mfg. Servs., Inc.*, 2004 U.S. Dist. Lexis 28274, *15 n.8 (N.D. Tex. 2004) ("Because the fourth test results in a holding that Leatherwood's claims in this case were compulsory counterclaims in the Minnesota action, the Court need not consider the other three tests.").[3] Although Arris need only show that Hybrid's patent infringement claim against Arris meets only one of the above four criteria, Hybrid's patent infringement claim meets each of the four criteria.

"A counterclaim for patent infringement, in an action for declaration of non-infringement of the same patent, readily meets all four of these criteria." *Vivid Techs., Inc. v. American Science & Eng'g, Inc.*, 200 F.3d 795, 801 (Fed. Cir. 1999); *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 947 (Fed. Cir. 1993) (in a declaratory action for non-infringement, the defendant had to bring a counterclaim for patent infringement 'or be forever barred from doing so'").

---

[3]     Similarly, the Ninth Circuit (in which the California Action is pending) applies the "logical relationship" test to determine whether a counterclaim is compulsory. *See, e.g. In re: Lazar*, 237 F3d 967, 979 (9th Cir. 2001) (bankruptcy estate's action for reimbursement was logically related, and therefore a compulsory counterclaim, to the state's proof of claim for unpaid underground storage tank fees).   Under either the Fifth Circuit or Ninth Circuit tests, Hybrid's patent infringement claim against Arris is a compulsory counterclaim to the California Action.

The California Action seeks, among other things, a declaratory judgment that Arris has a perpetual, nonexclusive license to manufacture and sell products that use the methods claimed in the Patents, and/or has ownership rights in the Patents as a result of the License Agreement between Hybrid's predecessor in interest and Arris' predecessor in interest, Com21.  (Exs. 3, 4).

If Arris' products do indeed rely on or make use of the Patents' technology as Hybrid contends, then the License Agreement was a contract necessary to the CMTS Business, and the Patents, for which Com21 had nonexclusive licenses and ownership rights under the License Agreement, were necessary for Arris to conduct and operate the CMTS Business.  As a result, the issues between Hybrid and Arris in this action are the same as in the first-filed California Action—namely, does Arris have rights to the Patents such that it may manufacture and sell products that use the methods claimed in those patents, or does Arris infringe the Patents?

When Arris sought a declaratory judgment in the California Action that Arris owned rights to the Patents, Hybrid was (and still is) required either to admit Arris's allegations of ownership, or to dispute Arris' ownership rights by bringing a patent infringement claim against Arris as a compulsory counterclaim.  Of necessity, Hybrid's claims against Arris here involve the same issues of fact and law as in the California Action.  (*E.g.*, Does Arris have ownership rights to the Patents as a result of a perpetual nonexclusive license granted by HNI to Com21? Is Arris a successor to Com21's rights?  Does Arris infringe?).

A decision in the California Action resolving those questions would be *res judicata* to Hybrid's claims in this action.  *See Directory Int'l*, 91 B.R. at 741 (contract dispute arose "out of the same transaction or occurrence that is the subject matter of the New Jersey [bankruptcy] suit and was, therefore, a "compulsory counterclaim" to the New Jersey action).  If Arris has ownership rights to the Patents, it cannot infringe those patents. *See, e.g., Spindelfabrik Suessen-*

*Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1081 (Fed. Cir. 1987) (license agreement prevents a patent-owner from bringing an infringement suit against a licensee).

"The question of whether [Arris] infringed [Hybrid's] patents … will thus involve much of the same evidence that would be considered by this Court if [Hybrid's] claims were litigated here." *AMP, Inc. v. Zacharias*, 1987 U.S. Dist. Lexis 5295, *6 (N.D. Ill. 1987) (dismissing claims without prejudice with leave to file as compulsory counterclaim in first-filed action). *See also Pumpelly v. Cook*, 106 F.R.D. 238, 239 (D.D.C. 1985) ("The question of whether these agreements are valid or not will thus involve the same evidence that would be considered by this Court if plaintiff's claims were litigated here.  The two courts involved … could even enter irreconcilable judgments.").

Further, it is beyond question that Hybrid's claims of exclusive ownership rights to the Patents in this action (hence Arris' alleged infringement of those patents) bear a logical relationship to Arris' claims of ownership of those same patents in the California Action. *Caesar's World, Inc. v. Milanian*, 247 F. Supp.2d 1171, 1201-02 (D. Nev. 2003) (dispute over who owned "intellectual property" rights to "develop replica of the Roman Coliseum" bore logical relationship with same dispute between same parties in earlier-filed action).  *See also Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926) (to have a logical relationship, the claims in the two actions need not be "precisely identical").

In *Leatherwood*, 2004 U.S. Dist. Lexis 28274, at *19 n.11, the plaintiff's trademark infringement claims were barred because they should have been brought as compulsory counterclaims in an earlier action pending in Minnesota.  The Minnesota action had alleged that Leatherwood infringed the Minnesota plaintiff's trademarks for certain rifle scopes.  "The central

issue in this action and the Minnesota action was who owned the Leatherwood name and had the right to use it." *Id.*

As in *Leatherwood*, to permit Hybrid's patent infringement claim against Arris to proceed in this Court "would result in the continuous relitigation of the identical underlying facts and would subject [Arris] to vexatious litigation and the possibility of inconsistent judgments." *Id.* at *19 n.11, quoting *Gladney v. American Heritage Life Ins. Co.*, 80 F. Supp.2d 594, 598 (W.D. La. 1999).

**C.    This Court "Cannot Acquire Jurisdiction" Over Com21, a Necessary and Indispensable Party to Hybrid's Claims of Patent Infringement**

Under 28 U.S.C. § 157, the California Bankruptcy Court has jurisdiction to consider "all core proceedings arising under Title 11" of the Bankruptcy Code, including "matters concerning the administration of the estate."   Determining Com21's (and Arris') rights under the License Agreement, as well as Com21's duties and obligations in the sale of its CMTS Business to Arris, clearly falls within the California Bankruptcy Court's jurisdiction.

Even more importantly, the California Bankruptcy Court has *exclusive* jurisdiction over Com21, which is a necessary and indispensable party to adjudicate Arris' and Hybrid's disputed claims over rights to the Patents.  28 U.S.C. § 1334(e) ("The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.")  Thus this Court cannot exercise or, in the language of Fed. R. Civ. P. 13(a), cannot "acquire jurisdiction" over Com21.  Conversely, the California Bankruptcy Court already has asserted jurisdiction over Com21, Hybrid, and Arris.

Accordingly, Hybrid's patent infringement claims against Arris cannot even be considered by this Court because, to do so, would require a determination of whether Arris has

ownership rights to practice the inventions of the Patents under the License Agreement, which in turn cannot be determined without joining Com21 as a party to this action.  *See* Charter's pending Motion to Dismiss, Transfer or Abate [Docket No. 21] and Arris's Motion to Dismiss For Non-Joinder or In the Alternative Either to Transfer of Abate [Docket No. 32].

**D.      This Court Should Dismiss, or in the Alternative Transfer or Stay, Hybrid's Patent Infringement Allegations Against Arris**

"In the final analysis, dismissal with leave to plead the [patent infringement claim] as a compulsory counterclaim is a better method than transfer for resolving the problem." *Pumpelly*, 106 F.R.D. at 240 (dismissing action without prejudice in lieu of transferring to first-filed court where necessary and indispensable parties were subject to jurisdiction in first-filed court). Hybrid would then be free to assert its infringement allegations against Arris in the California Action.

If the Court declines to dismiss Hybrid's patent infringement claims against Arris, however, the Court has the authority to transfer Hybrid's claims to the California Bankruptcy Court under 28 U.S.C. § 1404(a).  As set forth more fully in Charter's brief in support of its Motion to Dismiss, Transfer or Abate, all the statutory factors under § 1404(a) favor transfer. *See* Charter's brief [Docket No. 21], at 14-18.

In the alternative, this Court should stay Hybrid's patent infringement claims against Arris until Arris' ownership rights have been adjudicated in the California Action.  At the very least, this Court should stay Hybrid's patent infringement claims against Arris until the California Bankruptcy Court rules on Hybrid's motion to dismiss or transfer the California Action to this Court.  The California Bankruptcy Court is scheduled to hold oral argument on Hybrid's motion on September 8, 2006.

WHEREFORE, Arris respectfully requests that the Court grant this motion.

Respectfully submitted,

Carl. R. Roth
Texas Bar # 17312000
Michael C. Smith
Texas Bar # 18650410
THE ROTH LAW FIRM, P.C.
P.O. Box 876
Marshall, TX  75671
Telephone:  (903) 935-1665
Facsimile:  (903) 935-1797
Email:  ms@rothfirm.com


TROUTMAN SANDERS LLP
WILLIAM N. WITHROW, JR.
Georgia Bar No. 772350
WALTER B. STILLWELL
Georgia Bar No. 682495

5200 Bank of America Plaza
600 Peachtree Street
Atlanta, GA  30308-2216
Telephone:     (404) 885-3000
Telecopy:      (404) 885-3995

*Counsel for Third-Party Defendant ARRIS*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 2nd day of August, 2006.  Any other counsel of record will be served by facsimile transmission and/or first class mail.

_____
Michael C. Smith